IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IGOR BELYAKOV                      :

                         :

     v.                            :        Civil Action No. DKC 2004-4008

                         :

MICHAEL O. LEAVITT                 :

                         :

* * * * * * *
                         :

IGOR BELYAKOV                      :

                         :

     v.                            :        Civil Action No. 2006-2973

                         :

MICHAEL O. LEAVITT                 :

                         :

**MEMORANDUM OPINION**

Two motions are pending in these related employment discrimination cases.  First, Plaintiff has moved to join the cases for all purposes, and second, defendant seeks an extension of the discovery deadline in the 04 case.  Both cases involve claims of plaintiff for employment discrimination against the Secretary of Health and Human Services.  The first lawsuit originally alleged hostile environment due to age and national origin, as well as discrimination based on age.  The only remaining claim is national origin discrimination in the failure to be selected for a tenure track position in 2004.  The more recent lawsuit involves a claim for retaliation by Dr. Berzofsky, arising from Plaintiff's treatment after the 04 complaint was filed.  Plaintiff alleges that

the eventual decision not to renew his contract and the refusal to interview him for new positions, preceded by unfair criticism of his work, were retaliatory adverse employment actions. Plaintiff argues that it will be in the interest of judicial economy to join the cases.

Defendant opposes the motion to consolidate these cases primarily on the ground that discovery is nearly complete in the first case, and there is not likely to be overlap between the witnesses for the first and second cases.

Because discovery is nearly complete in the first case and defendant anticipates filing a Motion for Summary Judgment promptly, the court will deny the motion at this juncture. There is no reason the court cannot continue to process the first case, while discovery begins in the second. Certainly if issues remain for trial in the first case, there may well be reason to consolidate the cases at a later time. Furthermore, given the identity of the parties, there is no reason that the discovery already taken in the first case cannot be made applicable to the second. Accordingly, by separate order, the court will deny the motion to join cases, but will provide that any discovery taken in the 04 case is available for use in the 06 case without limit. Once discovery commences in the 06 case, the parties will not be permitted to duplicate discovery already taken in the 04 case.

In the second motion, the defendant seeks an extension of the discovery deadline in order to take what it contends are two essential depositions, of the plaintiff and his retained expert. Defendant asserts that these depositions would already have taken place, but for the withdrawal of plaintiff's previous counsel. Defense counsel asserts that he did not note these depositions before, because of ongoing discussions concerning the joinder of the cases.

Plaintiff opposes the requested extension, asserting that defendant has not acted expeditiously to conduct discovery. Furthermore, plaintiff contends that an opportunity to depose plaintiff twice, if consolidation is not granted, would be unfair to plaintiff and to his expert.

The scheduling order was extended a number of times, at least in part due to Plaintiff changing counsel. Present counsel entered their appearance in mid October, at which time the latest extension of time was granted. The court agrees that it would not have been prudent for Defendant to take Plaintiff's deposition before the counsel situation was resolved. While it is not altogether clear why Plaintiff's deposition was not noted earlier - or a stay of discovery sought while the consolidation issue litigated -- waiting until the consolidation issue was resolved was also advisable. Accordingly, Defendant's request to depose Plaintiff and his expert after the discovery deadline will be granted. Defendant is

cautioned, however, that discovery is to be limited to the issues raised in the 04 case, and that this discovery will also apply to the 06 case and will not be duplicated later.   These two depositions must be completed by January 31, 2007, and any dispositive motions are due by March 2, 2007.


                                    _____/s/_____
                                    DEBORAH K. CHASANOW
                                    United States District Judge